**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID DUNN, as Litigation Trustee for Zohar Litigation Trust-A, | Misc. No. 24-mc-00046-LGS |
| Petitioner, | (United States Bankruptcy Court for the District of Delaware, *In re Zohar III Corp.*, Adv. Pro. No. 20-50534 (KBO)) |
| v. | |
| ANCHIN, BLOCK AND ANCHIN, LLP, | |
| Respondent. | |

**ZOHAR LITIGATION TRUST-A'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR TRANSFER OR FOR AN ORDER COMPELLING DOCUMENT PRODUCTION**

## PRELIMINARY STATEMENT

This Court's Order asked Anchin to answer a simple question: why this Motion should not be transferred to Delaware where other related motions are pending.  ECF No. 9.  As is apparent in its Opposition, ECF No. 13, Anchin has no good answer to that question.  Indeed, Anchin recognizes that there is "no reason for this Court to simultaneously expend time and resources familiarizing itself with this case and resolving these issues."  Opp. 3.  The Trustee agrees, which is why it sought Anchin's consent (several times) to file its Motion in Delaware before the same court presiding over the underlying adversary proceedings and related discovery motions.  Anchin refused.  Now forced to justify that refusal, Anchin resorts to distractions, arguing that the Trustee's Motion is moot, duplicative, and frivolous—the very types of arguments that would most efficiently be addressed in the existing Delaware proceeding.  While those arguments are just as baseless as Anchin's colorful accusation that the Trustee has "demand[ed]" that Anchin "violate federal law," the point is that this Court need not address them.  This Motion should be transferred to Delaware to be resolved alongside the other pending, overlapping motions addressing Patriarch's and Anchin's failure to provide relevant discovery.

## ARGUMENT

The Trustee's Motion should be transferred to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").  Transfer will consolidate all overlapping issues before the court most familiar with the underlying adversary proceedings and enable that court to fashion relief accordingly.  Anchin's strained arguments to the contrary fail.

## I.      The Trustee Has Established That Transfer Is Warranted

As explained in the Trustee's Motion (and as Anchin recognizes), the disputes that are the subject of this Motion are subsumed within a contemporaneous motion to compel against Patriarch that the Trustee filed in the Delaware Bankruptcy Court, and a related motion for protective order

filed by Patriarch addressing the same discovery, also in the Delaware Bankruptcy Court. However, to ensure that it secured a ruling **enforceable against Anchin,** the Trustee also filed a motion to compel Anchin that it hoped would be resolved alongside the others.  Anchin is putting up an unnecessary and unreasonable procedural roadblock to achieving this efficiency.

Exceptional circumstances thus exist to transfer this Motion.  *Winston & Strawn LLP v. Janssen Prod., L.P.*, 2022 WL 3359564, at *1 (S.D.N.Y. Aug. 12, 2022).   As the Trustee established (Mot. 13), the Delaware Bankruptcy Court is in the best position "to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action," and the transfer would facilitate "the interests of justice and judicial efficiency."  *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022).

In attempting to paint the Trustee's Motion as frivolous and duplicative, Anchin effectively concedes that transfer is appropriate.  Opp. 2-3.  Indeed, the Trustee does not disagree that the same issues presented by the Trustee's Motion are central to the several other motions pending in Delaware.  *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 39 F.4th 59, 60 (2d Cir. 2022) ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.").   The relatedness of these motions alone warrants transfer.  *See Roswell Park Comprehensive Cancer Ctr. v. Anne Grand'Maison, M.D.*, 2024 WL 21935, at *2-3 (W.D.N.Y. Jan. 2, 2024) (granting motion to transfer where judge in transferee court would "play a pivotal role in discovery disputes similar to the instant motion[s]").   Anchin does not establish otherwise.

*First*, Anchin argues that transfer would burden the Delaware Bankruptcy Court with a duplicative motion.  Opp. 8.  Of course, this argument ignores the burdens on **this Court**, which

Anchin has freely recognized.  In any case, the Delaware Bankruptcy Court is already burdened with resolving overlapping issues through the motions before it, so the additional burden associated with considering this Motion is minimal.  Transferring this Motion will not expand the scope of issues, but rather will enable the Delaware Bankruptcy Court to fashion consistent relief across Anchin and the parties.  Anchin nevertheless asks this Court to stay the Motion, and burden its own docket until the Delaware Bankruptcy Court eventually issues a decision.  There is no need for this waste of judicial resources.  *See Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (transfer supported by the interest of "judicial efficiency").

*Second*, Anchin argues that resolving the issues in this Motion does not "require[] an intimate knowledge of the Delaware case."  Opp. 9.  But the tax discovery which is the subject of this Motion implicates numerous claims within a 42-count complaint, a complex tax enterprise comprised of numerous interrelated entities—with which the Delaware Bankruptcy Court is already familiar and is the subject of two pending motions—as well as a number of prior discovery motions before the Delaware Bankruptcy Court ruling on related issues.  Anchin cannot dispute that the subject matter is complex, so it argues instead that this Court does not require intimate knowledge of the adversary proceedings because this Court can issue an order consistent with the eventual ruling of the Delaware Bankruptcy Court.  Anchin relies on *Cohen v. Group Health*, 2022 WL 4534552, at *3 (S.D.N.Y. Sept. 28, 2022), which is inapposite.  Opp. 9.  In *Cohen*, the court found that a party seeking transfer could not establish exceptional circumstances for a "relatively straightforward motion," and if the court in the underlying action had ***already*** ruled on the issues, it could incorporate those rulings.  *Id.* at *3.[1]  Anchin cannot explain what purpose would be served

---

[1]  None of the authority on which Anchin relies militates against transfer.  Opp. 8-10 (citing *In re I.M. Wilson, Inc.*, 2022 WL 1239905, at *2 (S.D.N.Y. Apr. 27, 2022) ("the issues presented in

by this Court, lacking the institutional knowledge of the Delaware Bankruptcy Court, holding onto this case so it could simply await that court resolving the predicate disputes for this Motion.

*Finally*, Anchin argues that the "exceptional circumstances" standard is meant to "avoid burdens on local nonparties subject to subpoenas," Opp. 8, and relatedly, that because Anchin is a New York entity, it "is entitled" to have this dispute heard by a New York court, Opp. 10.  But this argument is undermined by Anchin's contradictory position that this Court should hold the Motion in abeyance pending a ruling by the Delaware Bankruptcy Court, and issue an order in accordance with that eventual ruling.  Opp. 9.  Certainly that does not constitute "resolution" by a New York judge.  And in any case, the disjunctive nature of Rule 45(f) contemplates that exceptional circumstances may outweigh a nonparty's preference about forum.[2]  Fed. R. Civ. P. 45(f); *Winston & Strawn*, 2022 WL 3359564, at *1.

## II.   <u>Anchin's Remaining Arguments Are Incorrect And Irrelevant</u>

Lacking any legitimate bases for opposing transfer, Anchin sets forth a plethora of irrelevant exposition which has no bearing on the transfer analysis.

---

[the] motion are straightforward"); *Carlson v. N. Am. Specialty Ins. Co.*, 2021 WL 1238948, at *5 (W.D. Pa. Apr. 2, 2021) (party seeking transfer had not established that the transferee court had "already ruled on discovery issues similar to the issues raised by [the] motion to quash"); *JMC Restaurant Holdings, LLC v. Pevida*, 2015 WL 2240492, at *3 (motion to compel filed in an improper venue)).

[2]  To be sure, no burden can be associated with a transfer to Delaware given that discovery hearings are conducted virtually under Judge Owens' standing procedures.  Chambers Procedures for the Honorable Karen B. Owens, United States Bankruptcy Court for the District of Delaware, at A.1 (Jan. 2, 2024); *see Honeywell Int'l Inc. v. Mazars USA LLP*, 2022 WL 94881, at *1 (third party "will not suffer prejudice due to the transfer, as [the transferee court] has a standing policy whereby parties may appear remotely at all non-evidentiary hearings").  Moreover, Anchin is a sophisticated entity represented by able legal counsel with a national practice and an office in Wilmington.

*First*, Anchin argues that should the Delaware Bankruptcy Court grant Patriarch's motion for a protective order, this Motion will be rendered moot. Opp. 9. While that may be true, it only solves for one outcome. Should the Bankruptcy Court ***deny*** Patriarch's motion, the Trustee is left without an enforceable ruling against Anchin. Anchin, for its part, has previously indicated that it would stand by its independent (though never elaborated) relevance and burden objections to the subpoena even if it had received consent from Patriarch to produce the discovery the Trustee seeks. Mot. Ex. G at 13. These independent objections necessitated the Trustee's Motion and render meaningless Anchin's refrain that this dispute is "entirely between" Patriarch and the Trustee. Opp. 9. Regardless, Anchin's views on whether the Motion is moot or frivolous (it is not) are entirely irrelevant to whether it should be transferred to Delaware.

*Second*, and similarly irrelevant, Anchin's colorful suggestion that the Trustee pressured Anchin to "ignore" and "violate" Section 7216, Opp. 9, is baseless and belied by the parties' correspondence. The Trustee spent months seeking a firm answer from both Anchin and Patriarch on the issue of consent, *see, e.g.*, Mot. Ex. J at 6-7, which was provided, then retracted, *id.* The Trustee ultimately indicated its intent to seek a court order which, as Anchin is aware and continues to ignore, obviates the need for consent. 26 U.S.C. § 7216(b)(1)(B).

*Finally*, Anchin's self-serving declaration that it has complied with the subpoena, Opp. 3-4, is both the focus of the Trustee's Motion and subject to a court's determination.

## CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that the Court transfer this Motion to the issuing court.

Dated: February 16, 2024          QUINN EMANUEL URQUHART & SULLIVAN, LLP
      New York, New York

*/s/ Jonathan E. Pickhardt*
Jonathan E. Pickhardt, Esq.
Ellison Ward Merkel, Esq.
Blair A. Adams, Esq.
Brian R. Campbell, Esq.
Brenna D. Nelinson, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: jonpickhardt@quinnemanuel.com
      ellisonmerkel@quinnemanuel.com
      blairadams@quinnemanuel.com
      briancampbell@quinnemanuel.com
      brennanelinson@quinnemanuel.com

*Counsel to David Dunn, as Trustee for the Zohar Litigation Trust-A*