UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID DUNN, as Litigation Trustee for Zohar Litigation Trust-A,
                                Petitioner,

-against-

ANCHIN, BLOCK & ANCHIN LLP,
                                Respondent.
------------------------------------------------------------X

24 Misc. 46 (LGS)

**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

On January 26, 2024, Petitioner filed a motion for transfer or, in the alternative, a motion to compel compliance with a subpoena. Respondent opposes both requests. For the following reasons, Petitioner's motion to transfer is granted.

**Background**

The subpoena at issue here was served in connection with a proceeding in the United States Bankruptcy Court for the District of Delaware. The operative complaint in that action alleges that Lynn Tilton and Patriarch Managers, an entity affiliated with Ms. Tilton, mismanaged three collateralized loan obligation funds, including by improperly extracting value from the funds through tax misconduct.

Respondent is the tax preparer for Patriarch Managers. In February 2023, Petitioner served a subpoena on Respondent to compel disclosure of certain tax documents. Petitioner seeks to compel Respondent to comply with that subpoena, and now moves for an order under Federal Rule of Civil Procedure 45(f) transferring its motion to compel from this court to the Delaware bankruptcy court.

**Discussion**

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court . . . if the court finds

exceptional circumstances." Fed. R. Civ. P. 45(f).  Exceptional circumstances are present here.

Exceptional circumstances exist where, for example, "the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action" and "where the interests of justice and judicial efficiency are best served by transfer." *Roswell Park Comprehensive Cancer Ctr. v. Grand'Maison*, No. 23 Misc. 243, 2024 WL 21935, at *2 (S.D.N.Y. Jan. 2, 2024).[1]

The Delaware bankruptcy court is in the best position to address the subpoena dispute. The court presiding over the underlying action is better situated to resolve a motion to compel when, for example, it is familiar with the facts of the action and their relation to the subpoena and when it has ruled on related discovery issues.  *See Drummond Co., Inc. v. VICE Media LLC*, No. 21 Misc. 859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022).  The Delaware bankruptcy court has managed the underlying litigation since it began nearly four years ago and is familiar with the tax issues relevant to this motion.  In addition, two closely related discovery motions are pending in the Delaware bankruptcy court; Petitioner has filed a motion to compel Patriarch Managers to facilitate Respondent's production of tax documents, and Patriarch Managers has filed a motion to quash the subpoena served on Respondent.

For similar reasons, the interests of justice and judicial efficiency are best served by transfer.  Transfer allows the Delaware bankruptcy court to maintain the orderly progression of the underlying proceedings, particularly given the other pending discovery motions.  *See Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 39 F.4th 59, 60 (2d Cir. 2022) (quoting Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment ("[T]ransfer may be warranted [] to avoid

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion . . . .")).

Respondent argues that judicial efficiency is better served by this Court's holding the motion in abeyance and then issuing an order upon the Delaware court's resolution of the related motions. However, "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Administrators.*, 39 F.4th at 61. Transfer avoids piecemeal litigation and the risk of contradictory rulings. *See, e.g.*, *EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, No. 22 Misc. 70, 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022) (transferring to avoid a risk of inconsistent rulings regarding the discoverability).

Respondent also argues that the interests of the local nonparties weigh in favor of denying the transfer motion. Judicial efficiency as discussed above outweighs any benefit from local resolution, especially because the proceedings likely will be conducted virtually. *See, e.g.*, *Honeywell Int'l Inc. v. Mazars USA LLP*, No. 21 Misc. 870, 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (concluding that there will not be prejudice from transfer because the transferee court has a policy of remote hearings).

**Conclusion**

For the foregoing reasons, Petitioner's motion to transfer is **GRANTED**, and Petitioner's motion in the alternative to compel document production is reserved for the Delaware Bankruptcy Court. Orders on the pending sealing motions will issue separately.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1 and to transfer this action to the United States Bankruptcy Court for the District of Delaware.

Dated: February 29, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3