GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Ave
New York, NY 10166
Tel 303.298.5700
www.gibsondunn.com

Esther Lifshitz
Direct: +1 212.351.3944
ELifshitz@gibsondunn.com

February 6, 2024

VIA ELECTRONIC FILING

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Dunn v. Anchin, Block & Anchin LLP*, No. 24-mc-00046 (LGS)

Dear Judge Schofield:

I am counsel for Lynn Tilton, Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Phoenix VIII, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, Zohar Holdings, LLC, Octaluna, LLC, Octaluna II, LLC, Octaluna III, LLC, Ark II CLO 2001-1, Ltd., Ark Investment Partners II, L.P., LD Investments, LLC and Ark Angels VIII, LLC ("Patriarch") in *Dunn v. Patriarch Partners, LLC*, Adv. No. 20-50534 (Del. Bankr.), the matter underlying the above-captioned miscellaneous case (the "S.D.N.Y. Matter"). Patriarch files this letter motion seeking leave to redact and file under seal certain documents Zohar Litigation Trust-A (the "Trust") filed on January 26, 2024 in connection with its motion against Anchin, Block & Anchin LLP ("Anchin") in the S.D.N.Y. Matter. *See* Dkt. 1-7. Patriarch files this letter pursuant to Section I.D.3 of this Court's Individual Rules and Procedures, requiring "the party with an interest in confidential treatment [of information filed before this Court]" to "promptly file a letter on ECF within two business days in support of the motion, explaining why it seeks to have certain documents filed in redacted form or under seal."[1] Specifically, Patriarch seeks 1) to file under seal Exhibits D, P, Q, S and V to the Declaration of Brenna Nelinson (the "Proposed Sealed Materials"), *see* Dkt. 5; and 2) to redact portions of the Memorandum of Law in Support of the Motion and Exhibit O to the Declaration of Brenna Nelinson (the "Proposed Redacted Materials"), *see* Dkt. 4, 5. The Proposed Redacted Materials are attached as Exhibits 1 and 2 with proposed redactions highlighted—Patriarch requests that these documents be filed under seal. The attached Exhibits 3 and 4 reflect the redactions applied.

The presumption of public access to judicial documents is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The presumption may be

---

[1] Because Patriarch is a nonparty to the S.D.N.Y. Matter, Patriarch originally consulted with the ECF Help Desk to determine the best means of filing this letter motion. The ECF Help Desk indicated that Patriarch should file as a hard copy instead of electronically. Accordingly, Patriarch filed a hard copy of a sealing letter motion on January 30, 2024 and provided the attorney of record for each party—Jonathan Pickhardt and Katharine Suominen—a copy of the same via email. Patriarch now files this letter motion electronically per instructions received from the Court's chambers yesterday.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

February 6, 2024
Page 2

overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. Notably, the privacy interests of third parties establish a "venerable common law exception to the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d. Cir. 1995). Additionally, the presumption of public access is "lesser" for materials submitted in connection with discovery motions. *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *see also Aberdeen City Council v. Bloomberg, L.P.*, 2023 WL 5254757, at *2 (S.D.N.Y. Aug. 16, 2023) ("where the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight").

Here, the Proposed Sealed and Redacted Materials apply only to information that Patriarch or Anchin has designated as confidential during discovery, in accordance with the provisions of the Stipulated Confidentiality Agreement and Agreed Protective Order entered on November 4, 2022. *See* Adv. No. 20-50534, Dkt. 277. Because the Proposed Sealed and Redacted Materials all relate to the preparation of Ms. Tilton's taxes or her tax reporting position, there is a legitimate basis for preventing them from public access. *See Vanguard Dealer Servs., LLC v. Bottom Line Driven,* LLC, 2023 WL 476180, at *1 (D. Conn. Apr. 27, 2023) ("sealing is warranted to protect personal privacy of…income tax information"); *see also SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents"). Indeed, Patriarch has moved for a protective order in the U.S. Bankruptcy Court for the District of Delaware, where the underlying dispute is pending, regarding the same subject matter. There, Patriarch intends to move on the same basis. And in prior litigated disputes in that court involving tax-related matters, Patriarch has similarly sought sealing of the same information. *See, e.g.*, No. 18-10512 (Del Bankr.), Dkt. 2298; Adv. No. 20-50534, Dkt. 515. Those requests have consistently been granted. *See, e.g.*, No. 18-10512 (Del Bankr.), Dkt. 2320.

Therefore, Patriarch respectfully requests that the Court permit the Proposed Sealed Materials be sealed and the Proposed Redacted Materials be redacted. Parties and attorneys of record who should have access to the sealed document are listed in Appendix A.

Respectfully submitted,

S/ *Esther Lifshitz*
Esther Lifshitz

# GIBSON DUNN

February 6, 2024
Page 3

CC: Jonathan Pickhardt (via email)
51 Madison Avenue, 22nd Floor
New York, New York 10010

Katharine Suominen (via email)
One Vanderbilt Avenue
New York, NY 10017-5404

On January 26, 2024, Petitioner requested that its memorandum in support of its motion for transfer and related exhibits be filed under seal based a request from non-party Patriarch and a governing protective order.  As the party with an interest in the redaction, on February 6, 2024, Patriarch filed the above letter in support of sealing.

"The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

"Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases).  However, Patriarch's proposed redactions are narrowly tailored to confidential tax information that is properly protected from public access.  *See, e.g.*, *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *cf. United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.").

The motion to seal and redact is **GRANTED.**  Petitioner shall refile copies of the relevant documents on the docket in accordance with Patriarch's proposed redactions by **March 6, 2024.**  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 3.

Dated: February 29, 2024
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE